STATE OF NORTH CAROLINA v. HUBERT WESLEY LEDFORD

No. 7329SC700

(Filed 16 October 1974)

Narcotics § 4— possession of LSD — insufficiency of evidence
        Trial court erred in failing to grant defendant's motion for nonsuit in a prosecution for possession of LSD where such evidence tended to show that defendant was seen in an area where, shortly thereafter, contraband material was found, but the area was a public place, and other persons were also observed apparently picking up objects from the ground, but there was no evidence as to what these objects were, and they obviously could not have been the identical objects which, officers later discovered and found to be contrabrand; and defendant's flight under the circumstances only added to the suspicion of his guilt and furnished no substantial evidence thereof.

APPEAL by defendant from *Thornburg, Judge,* May 1973 Criminal Session of Superior Court held in RUTHERFORD County.

Defendant was indicted for unlawful possession of the controlled substance, LSD, and pled not guilty. The State's evidence showed:

On Saturday evening, 2 January 1973, Officer Wilkins of the Forest City Police Department concealed himself so that,

State v. Ledford

with the aid of binoculars, he could observe the lighted parking lot and the picnic area behind the Little Mint Drive-In in Forest City. Wilkins, using a walkie-talkie, was in radio contact with two other policemen in the immediate vicinity, Officers Walker and Gee. There was considerable activity at the drive-in, with cars frequently coming and going. Wilkins observed defendant at the parking lot in the company of his sister and several other persons, one of whom was a young boy named Sonny Tessnear. On several occasions Tessnear was seen to leave the group and go over to a newly arrived automobile, where he appeared to engage in conversation for a short time. Tessnear would then walk to a place behind the picnic area pavilion and then return to the car, where an exchange of some kind would take place. Defendant, his sister, and Tessnear then left in an automobile driven by defendant. They returned a short while later, and Officer Wilkins observed defendant walk back of the picnic area, where he began to gather or pick up several objects. Wilkins then radioed to Officer Walker, who drove his patrol car near to the place where Wilkins had seen defendant squatting down and picking up objects. As Officer Walker got out of the patrol car and started in defendant's direction, defendant stood up and walked out to meet him. Walker noticed that defendant's shirt pockets appeared to bulge, and he asked defendant if he would mind showing what he had. Defendant started taking objects from his pants pockets and removed a pack of cigarettes from one of his shirt pockets. When Walker asked defendant what else he had in his pockets and requested him to step in front of the patrol car, defendant ran. Walker gave chase but could not catch him, and defendant was not arrested until some days later.

After defendant ran, Officer Wilkins, who had remained in position where he could observe the area through his binoculars, contacted Officer Gee by radio and guided him to the spot toward the rear of the picnic area where he had observed defendant appear to pick up objects. There Gee discovered in close proximity a brown bag containing nine syringes, a small matchbox containing 20 small purple pills, and a bottle containing 13 pills. Subsequent laboratory analysis disclosed that the pills contained LSD.

Defendant testified and denied that he had ever possessed LSD or any other drugs. He testified that he ran only because he was scared, that Officer Walker had not arrested him, and as defendant started walking away, "it looked like he [Walker] was reaching for something," and it scared defendant. Defend-

ant and his sister also testified that earlier in the evening the police had stopped the car in which they and Sonny Tessnear were riding and that the officers had searched the car and found nothing.

The jury found defendant guilty as charged and judgment was entered sentencing him to prison for not less than three nor more than five years. Defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Robert P. Reilly for the State.*

*Robert L. Harris for defendant appellant.*

PARKER, Judge.

Defendant assigns error to the denial of his motion for non-suit made at the close of all of the evidence. It is familiar learning that upon a motion for judgment as of nonsuit in a criminal action, the evidence must be considered in the light most favorable to the State and the State given the benefit of every reasonable inference arising therefrom. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971); *State v. Vincent,* 278 N.C. 63, 178 S.E. 2d 608 (1971). The question for the court is whether, when all of the evidence is so considered, there is substantial evidence to support a finding both that the offense charged has been committed and that the defendant committed it. "If, when the evidence is so considered, it is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion for nonsuit should be allowed." *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967). This is true even though the suspicion aroused by the evidence is strong. *State v. Chavis,* 270 N.C. 306, 154 S.E. 2d 340 (1967).

Applying the foregoing principles to the evidence in this case, we find it sufficient to raise a strong suspicion of defendant's guilt but not sufficient to take that issue beyond the realm of suspicion and conjecture. Defendant was seen in an area where shortly thereafter, the contraband material was found, but it was a public place and other persons were also observed in the immediate area. Defendant was observed apparently to pick up objects from the ground, but there was no evidence as to what these objects were and obviously they could not have been the identical objects which the officers later discovered and found to be contraband. Defendant ran, but his flight under

the circumstances here disclosed does no more than merely add to the suspicion of his guilt and furnishes no substantial evidence thereof.

In our opinion the motion for nonsuit should have been allowed. Accordingly, the judgment appealed from is

Reversed.

Judges BRITT and HEDRICK concur.