STATE OF NORTH CAROLINA v. GARLAND WADE ATKINSON

No. 7416SC972

(Filed 7 May 1975)

**Criminal Law §§ 79, 102— pleas of guilty by nontestifying codefendants — remarks by prosecutor**

> In a prosecution for conspiracy to possess marijuana with intent to distribute, defendant was denied his fundamental right to a fair trial when, during the jury selection, cross-examination of witnesses and jury argument, the prosecuting attorney on five occasions referred to the fact that codefendants who were not witnesses had pled guilty to the same charge, notwithstanding the trial court on each occasion sustained objections to the remarks and instructed the jury not to consider them.

ON *writ of certiorari* to review trial before *Hall, Judge.* Judgment entered 11 April 1974 in Superior Court, ROBESON County. Heard in the Court of Appeals 24 January 1975.

Defendant and eleven other persons were jointly charged in a bill of indictment with feloniously conspiring to import marijuana into North Carolina "and then and there to possess said marijuana with express intent to distribute, dispense, sell or deliver such substance, and then and there to actually distribute said controlled substance. . . ." A number of the other persons who were charged in the bill of indictment pled guilty. Defendant pled not guilty and was tried separately from the others. Three of the other persons who had been charged jointly with defendant in the bill of indictment and who had pled guilty testified as witnesses for the State. Each of these witnesses testified concerning defendant's participation in an agreement and plan under which a large quantity of marijuana was purchased in Texas and brought into North Carolina where it was distributed and sold.

Defendant presented no evidence. He was found guilty as charged and from judgment imposing a prison sentence gave notice of appeal. To permit perfection of the appeal, this court subsequently granted his petition for a writ of certiorari.

*Attorney General Edmisten by Associate Attorney General Robert P. Gruber for the State.*

*Doran J. Berry for defendant appellant.*

PARKER, Judge.

During selection of the jury, the assistant district attorney who was prosecuting for the State made a statement that other codefendants named in the bill of indictment had entered pleas of guilty. Defendant's counsel promptly objected and moved for a mistrial. The court denied the motion but instructed the jury panel that defendant had pled not guilty, that he was presumed to be innocent, and that "[a]ny remarks by the Solicitor will not be considered against him in any way whatsoever." Later, while the prosecuting attorney was examining a State's witness, the witness referred to another person named in the indictment, whereupon the prosecuting attorney asked the witness if the person referred to was another codefendant in this case "who pled guilty yesterday." The court promptly sustained defendant's objection and instructed the jury not to consider the statement but to dismiss it from their minds. Subsequently, while continuing with the examination of the same witness the prosecuting attorney again asked, this time concerning still another person who had been referred to by the witness, if this person was not a codefendant in this case who "pled guilty yesterday." Again the court sustained defendant's objection and instructed the jury not to consider the statement but to dismiss it from their minds. After completion of the evidence and while arguing the case to the jury, the prosecuting attorney again referred to "all of the others having pled guilty." The court again sustained defendant's objection but denied his motion for a mistrial. Argument by counsel to the jury continued and the counsel for the State again referred to "the others having pled guilty." Defendant's counsel again objected and moved for a mistrial. The court again denied the motion, but repeated its instructions to the jury that it should "not consider the Solicitor's statement as to anyone, other than the witnesses in this case, who has pled guilty."

Evidence that a codefendant who was not a witness had pled guilty to the same charge was not competent against the defendant on trial. *State v. Kerley*, 246 N.C. 157, 97 S.E. 2d 876 (1957); Annot., 48 A.L.R. 2d 1016 (1956).

"The rationale of this rule is that every person charged with the commission of a criminal offense must be tried upon evidence *against him*. Evidence competent and satisfactory against one person is not necessarily competent against another charged with the same crime. The introduction of such a plea

State v. Atkinson

when the witness has not testified against the defendant would also deprive a defendant of his constitutional rights of confrontation and cross-examination." *State v. Cameron,* 284 N.C. 165, 168, 200 S.E. 2d 186, 189 (1973).

In the present case the able trial judge ruled correctly in every instance and did what he could to correct the impact upon the jurors of the incompetent evidence which the prosecuting attorney persisted in bringing to their attention. The question presented is whether, despite these efforts of the trial judge to conduct a trial according to the rules of law, the actions of the prosecuting attorney resulted in depriving the defendant of his fundamental right to a fair trial. We hold that they did and that defendant is entitled to a new trial.

"Prosecuting attorneys are in a very peculiar sense servants of the law. . . . They owe the duty to the State which they represent, the accused whom they prosecute, and the cause of justice which they serve to observe the rules of practice created by law to give those tried for crime the safeguards of a fair trial." *State v. Phillips,* 240 N.C. 516, 522, 82 S.E. 2d 762, 766 (1954). In the present case the prosecuting attorney persisted in violating the "rule of law which forbids a prosecuting attorney to place before the jury by argument, insinuating questions, or other means, incompetent and prejudicial matters not legally admissible in evidence." *State v. Phillips, supra,* at p. 527. Had this violation occurred but once or twice, it might be attributed to ignorance of the law or inadvertence on the part of the State's attorney, and the prompt actions of the trial court might have served to minimize the prejudicial effect upon the jury. Here, however, the violations occurred on five separate occasions throughout the trial, beginning during the process of selecting the jury and ending with final argument to the jury. Such repeated violations in the face of consistent rulings of the court can only be ascribed to a studied, deliberate, and intentional effort to force inadmissible evidence into the minds of the jurors. It is regrettable that the State must put to the expense of another trial, but the actions of the prosecuting attorney in this case make that necessary.

The verdict and judgment are vacated and a new trial ordered.

New trial.

Judges MORRIS and HEDRICK concur.