State v. Roberts

---

STATE OF NORTH CAROLINA v. DELTON ROBERTS

No. 7512SC665

(Filed 17 December 1975)

1. **Criminal Law § 99— statement limiting confession testimony — no expression of opinion**

    When an officer was about to give testimony before the jury concerning defendant's confession, the trial court did not express an opinion in stating, "Now, I want this limited to just this robbery."

2. **Criminal Law § 79— testimony that accomplices are in prison**

    In this armed robbery prosecution the admission of an officer's testimony that defendant's alleged accomplices were in prison did not constitute prejudicial error.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 3 June 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 18 November 1975.

The defendant, Delton Roberts, was charged in a bill of indictment, proper in form, with the armed robbery of Garry Welchman of $125.00. Upon defendant's plea of not guilty, the State offered evidence tending to show the following:

At about 1:45 a.m. on 11 October 1974, Garry Welchman was on duty at the Little Giant Food Mart in Fayetteville, North Carolina. Two black men came into the store and robbed Welchman of approximately $125.00 belonging to the Little Giant Food Corporation. One of the men used a nickle-plated revolver in the robbery. Welchman immediately notified the police and gave them a description of the two men; however, at trial he was unable to identify the defendant, Roberts, as one of the perpetrators of the offense.

Detective J. R. Cook investigated the robbery and on 16 October 1974 arrested the defendant, who made an oral confession of the robbery of the Little Giant Food Mart to the detective. This oral confession was reduced to writing and signed by the defendant. The defendant stated that he and Leroy Bryant were driven to a point near the Little Giant Food Mart in question by Ruth Berry for the purpose of robbing the store. The defendant and Bryant both entered the store and with the use of guns robbed Garry Welchman of an unknown sum of money. After the robbery, they returned to Ruth Berry's auto and were driven away.

The defendant offered no evidence.

From a verdict of guilty as charged and a prison sentence imposed of twenty-five to twenty-seven years, defendant appealed.

*Attorney General Edmisten by Associate Attorney Jesse C. Brake for the State.*

*Blackwell, Thompson, Swaringen, Johnson & Thompson by E. Lynn Johnson for defendant appellant.*

HEDRICK, Judge.

[1] When Officer Cook was about to testify before the jury as to the confession of the defendant, Judge Bailey cautioned him as follows: "Now, I want this limited to just this robbery." Based on an exception to the judge's statement to the witness, the defendant contends the court expressed an opinion on the evidence in violation of G.S. 1-180. On voir dire to determine the admissibility of the defendant's alleged confession, Officer Cook testified that the defendant confessed to numerous criminal offenses including several robberies, as well as to the particular offense for which he was then on trial. Obviously, the trial judge by making the statement complained of, undertook to prevent the witness from mentioning defendant's implication in other offenses which might prejudice him in the minds of the jury. We think the judge's cautionary remark was appropriate and in no way amounted to an expression of opinion on the evidence. This assignment of error is overruled.

[2] Citing *State v. Atkinson,* 25 N.C. App. 575, 214 S.E. 2d 270 (1975), defendant contends the court erred in allowing Officer Cook to testify on direct examination that Ruth Berry and Leroy Bryant, alleged accomplices of the defendant, were in prison. Defendant argues that the admission of the challenged testimony was prejudicial error because it carried to the jury the implication that " . . . if the State's evidence was sufficient to establish guilt of the co-defendants, it must be sufficient to establish guilt in this case." In *Atkinson, supra,* the defendant was charged along with eleven others with conspiracy to violate North Carolina's Controlled Substances Act. During the selection of the jury, the prosecuting attorney referred to the fact that other co-defendants named in the bill of indictment had entered pleas of guilty. Upon defendant Atkinson's objection, the trial court instructed the jury not to consider such a statement by

the prosecution. On five separate occasions thereafter, over defendant's objection, the prosecuting attorney referred to the fact that co-defendants had pled guilty. In awarding the defendant a new trial, this court held:

> "Such repeated violations in the face of consistent rulings of the court can only be ascribed to a studied, deliberate and intentional effort to force inadmissible evidence into the minds of the jurors."

In the present case, however, while the testimony that the accomplices, Berry and Bryant, were in prison was not relevant to the issue of defendant's guilt or innocence, we cannot say that the admission of the evidence in this case amounted to prejudicial error. We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and ARNOLD concur.