STATE OF NORTH CAROLINA v. RANDOLPH DOUGLAS BECRAFT
AND GARY WAYNE HARDIN

No. 7719SC236

(Filed 20 July 1977)

Criminal Law § 86.8— robbery case — defendant's rejection of victim's
homosexual proposition — competency to show bias

    In this prosecution for the armed robbery of a grocery store
employee, testimony by one defendant that he had previously rejected
a homosexual proposition by the victim was competent to show bias
on the part of the victim toward such defendant, and the exclusion of
such testimony was prejudicial where the victim was the only witness
who could identify the robbers.

APPEAL by defendants from *Long, Judge.* Judgments en-
tered 27 October 1976 in Superior Court, RANDOLPH County.
Heard in the Court of Appeals 30 June 1977.

Defendants were indicted for armed robbery. Their trials
were consolidated and both were convicted. At trial Douglas
Chestnut testified that he was managing his mother's grocery
store when the two defendants entered, pulled a gun, demanded
money and cleaned out the cash register. Defendants then forced
Chestnut to drive them in his mother's car to a dirt road about
seven miles from the store. Chestnut was able to give positive
identification of defendants based upon his observations at the
time of the robbery.

Chestnut's mother was in the store when the two defend-
ants entered. She observed that her son waited on them and
then left with the defendants. She sensed that something was
wrong, checked the cash register, which was empty, and called
the police. Mrs. Chestnut gave no identification testimony.

Testimony by defendants was offered to show that they did
not commit the robbery.

*Attorney General Edmisten, by Associate Attorney Nonnie
F. Midgette, for the State.*

*Bell and Ogburn, P.A., by Deane F. Bell and William H.
Heafner, for defendant appellant Randolph Douglas Becraft.*

*Cahoon & Swisher, by Robert S. Cahoon, for defendant ap-
pellant Gary Wayne Hardin.*

ARNOLD, Judge.

The only identification testimony tending to prove that defendants were the robbers came from Douglas Chestnut. During cross-examination Chestnut denied that he was a homosexual and that he had propositioned the defendants on a previous occasion. Thereafter, the court refused to permit defendant Becraft to testify that on a previous occasion Chestnut had propositioned him and that he, Becraft, had refused.

Defendants contend that the testimony which was offered to show that Becraft had rejected Chestnut's homosexual proposition should have been allowed because it tends to show bias on the part of the witness towards defendant, Becraft. We agree. The State's case depends on the credibility of the witness, Chestnut, the only witness who could identify the alleged robbers. While there is strong evidence of guilt by defendants we cannot say that the exclusion of this testimony was not prejudicial. *See State v. Faust,* 254 N.C. 101, 118 S.E. 2d 769 (1961); *State v. Hart,* 239 N.C. 709, 80 S.E. 2d 901 (1954).

New trial.

Judges PARKER and MARTIN concur.