STATE OF NORTH CAROLINA v. HAROLD FRED LOCKLEAR

No. 7916SC167

(Filed 15 May 1979)

1. **Criminal Law § 162.5— objections to testimony sustained—failure to give limiting instructions**

Defendant was not prejudiced when the court sustained his objections to testimony without giving limiting instructions where defendant made no request for limiting instructions.

2. **Criminal Law § 71— observations concerning bloodstains—shorthand statement of fact**

An officer's observations that certain bloodstains appeared to have been wiped up and that a towel appeared to have been saturated with blood were admissible as shorthand statements of fact.

3. **Homicide § 15.5— lay testimony as to "stab wound"—harmless error**

The trial court's erroneous admission of an officer's testimony that there was a "stab wound" in the center of deceased's chest was not prejudicial where an expert medical witness testified that deceased died as a result of bleeding from a stab wound to the chest and heart.

4. **Homicide § 15.2— absence of immediate medical attention—relevancy to show malice**

A medical expert's opinion testimony in a second degree murder case that deceased's life might have been saved if she had received immediate medical attention after she was stabbed was relevant on the issue of malice.

5. **Constitutional Law § 30; Bills of Discovery § 6— testimony not disclosed to defendant—absence of motions for discovery, continuance or recess**

    The trial court did not err in admitting the testimony of prosecution witnesses which had not been disclosed to defendant where the record does not reveal any motions or orders for discovery, and defendant made no request for a continuance or recess to prepare for cross-examination. G.S. 15A-910(3).

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 7 September 1978 in Superior Court, ROBESON County. Heard in the Court of Appeals 4 May 1979.

Defendant was charged in a bill of indictment, proper in form, with the offense of murder in the first degree. He was tried and convicted of the offense of murder in the second degree. From judgment sentencing him to imprisonment for a term of not less then 20 nor more than 25 years, defendant appealed.

At trial, the State presented evidence tending to show that Annie Sue Anderson was stabbed in the early morning hours of 18 September 1977 while in the company of defendant and that she expired as a result of excessive bleeding from the stab wound. Testimony indicated that on the morning in question, a call was placed for ambulance service, and thereafter, Deputy Sheriff Sanderson came in contact with the defendant and the deceased, who were in a truck. Ms. Anderson was later removed from the truck and taken to Southeastern General Hospital by ambulance. The evidence also tended to show that the deceased had suffered other bruises and cuts on her body and that defendant stated, "She's dead and I didn't mean to do it."

Defendant did not offer any evidence.

*Attorney General Edmisten, by Assistant Attorney General Thomas F. Moffitt, for the State.*

*Locklear, Brooks & Jacobs, by Arnold Locklear, for defendant appellant.*

ERWIN, Judge.

[1] Defendant has brought forward on appeal six assignments of error. We have considered each of them and find no error in the trial of defendant.

Upon direct examination of Deputy Sheriff Solomon Sanderson, the following exchange took place:

"Q. All right. What, if anything, did you see him do or say there in the area of the morgue?

A. When he was taken to the morgue to see her, I was standing at the door and he [defendant] fell over Annie Sue and went to crying and said 'I didn't mean to do it.'

MR. LOCKLEAR: Objection.

THE COURT: Sustained."

Upon the direct examination of emergency medical technician, Craig Rich, the following exchange took place:

"Q. Do you know whether she was living or dead at the time she arrived at the hospital?

A. More than likely she had passed away.

MR. LOCKLEAR: Objection. Move to strike.

THE COURT: Sustained."

Defendant contends that merely sustaining his objections to these questions did not dispel the prejudice engendered by asking them. Defendant argues that the trial judge should have given a limiting instruction without his request.

The defendant's objections were sustained without request for any instruction. Defendant has not shown error, nor has he shown any prejudice. *State v. Greene*, 285 N.C. 482, 206 S.E. 2d 229 (1974). This assignment of error is overruled.

As grounds for his second assignment of error, defendant brings forth Exceptions Nos. 2, 3, 6, 10, and 11. In our opinion, we deem it necessary to treat each exception individually.

[2] Defendant's Exception No. 2 relates to Deputy Sheriff Sanderson's observations concerning the wiped up blood stains. These observations were but a "shorthand" statement of facts and were clearly admissible. *See State v. Jones*, 291 N.C. 681, 231 S.E. 2d 252 (1977), and *State v. Mason*, 295 N.C. 584, 248 S.E. 2d 241 (1978). For the same reasons, we hold that Sanderson's observation that the towel "appeared to be saturated with blood" was

also properly admitted. Thus, we find Exceptions Nos. 2 and 6 to be without merit.

[3] Defendant's Exception No. 3 is based on Sanderson's statement that there was about a one-inch scar or stab wound about the center of the deceased's chest. As a lay witness, Sanderson was not competent to testify as to the nature of the wound. He could properly state that the wound was a scar, but he could not state that it was the result of a stabbing. Thus, admission of his testimony to that effect was error. However, in our opinion, any harm caused by the admission of this testimony was cured by Dr. Andrews' testimony that, "It is my opinion that she [the victim] died as a result of bleeding from a *stab wound* to the chest and heart." (Emphasis added.)

Defendant's Exception No. 10 is based on Dr. Andrews' testimony as to the alcoholic content in the victim's blood. In view of the court's later instructions to the jury to disregard the evidence with respect to this matter, we find no prejudicial error.

[4] Defendant's final exception is Exception No. 11, which relates to Dr. Andrews' expert medical opinion that, "[I]f she had received immediate medical attention, it's possible that her life could have been saved." This opinion was clearly relevant on the issue of malice. *State v. Braxton*, 294 N.C. 446, 242 S.E. 2d 769 (1978).

We find defendant's second assignment of error to be without merit.

[5] Defendant contends that the trial court erred in allowing the testimony of certain witnesses for the prosecution, the substance of which had not been disclosed to the defendant. Defendant infers that the court should have excluded the evidence in question pursuant to G.S. 15A-910(3). We do not agree. The record does not reveal any motions or orders of discovery nor does the record reveal the reasons the defendant was objecting to the questions. Defendant did not request a continuance or recess to prepare himself for cross-examination. The trial court has broad and flexible powers to rectify the events if a party fails to comply with discovery orders or provisions of G.S., Chap. 15A, Art. 48. The exclusion of evidence as a remedy is strictly within the discretion of the trial judge. *State v. Dollar*, 292 N.C. 344, 233 S.E. 2d 521 (1977). Here, we find no abuse of discretion.

We have considered all other errors assigned by the defendant and find them to be without merit.

In the trial of the defendant, we find

No error.

Judges MARTIN (Robert M.) and ARNOLD concur.