STATE OF NORTH CAROLINA v. MAYNARD HOWARD SIMMONS

No. 808SC1006

(Filed 7 April 1981)

**Automobiles § 126.4– breathalyzer test – failure to show warnings to defendant – competency of testimony by arresting officer**

   Where the defendant by his voluntary and overt actions made it clear that he would not voluntarily submit to a breathalyzer test, it was not necessary for the State to present evidence that the defendant was advised of his right to refuse the breathalyzer test before evidence of that refusal could be used against him at a trial for driving under the influence pursuant to G.S. 20-139.1. Furthermore, the arresting officer was competent to testify as to that refusal in the trial for driving under the influence.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 31 July 1980 in Superior Court, WAYNE County. Heard in the Court of Appeals 3 March 1981.

Defendant appeals from a conviction of driving a motor vehicle on a street or highway while under the influence of intoxicating beverage. The State's evidence at trial consisted of the testimony of Officer C.E. Boltinhouse, of the Goldsboro Police Department. Officer Boltinhouse testified that at 1:20 p.m. on 6 April 1980, he stopped a 1963 Ford automobile because of the excessively loud noise coming from the car's muffler. Boltinhouse observed two males, two females and opened cans of beer in the front and back seat of the car. Defendant was the driver of the car. Smelling a strong odor of alcohol on defendant's breath, Boltinhouse requested that defendant get out of the car and walk to the police car. Defendant completed this walk "very unsteady and swaying." At Boltinhouse's request, defendant attempted the following sobriety test: with eyes closed, arms held straight out, and head back, defendant

attempted to touch his nose with his right, and then his left, index finger. Defendant missed his nose on each attempt. Boltinhouse then placed defendant under arrest for driving under the influence and carried defendant in the patrol car to the Goldsboro Police Department, a five minute ride, for a breathalyzer test. Defendant's speech during this ride was slurred, thick-tongued and belligerent. Once at the breathalyzer room of the police department, Boltinhouse informed the breathalyzer operator that he was requesting defendant to take the test, but defendant refused to take the test. At this point, defendant informed Boltinhouse that the machine was not accurate and that defendant would not take the test for that reason. Defendant stated that Boltinhouse was under the influence and that he (defendant) was placing Boltinhouse under citizen's arrest. Officer Boltinhouse also testified that in his opinion defendant's mental and physical faculties were impaired because defendant was under the influence of alcoholic beverages.

The trial judge denied defendant's motion to dismiss the charge of driving under the influence. Defendant offered no evidence.

*Attorney General Rufus L. Edmisten, by Associate Attorney Richard H. Carlton, for the State.*

*John W. Dees for defendant appellant.*

WELLS, Judge.

In his only assignment of error defendant argues that the court erred in allowing Boltinhouse to testify that defendant refused the breathalyzer test and in including a jury instruction concerning the failure of the defendant to take the breathalyzer test. Defendant first contends that G.S. 20-139.1(f) requires that all provisions of G.S. 20-16.2 must be complied with before a refusal to submit to the breathalyzer test is admissible against him and that there is no evidence in the record establishing such compliance. Defendant also argues that under G.S. 20-139.1, an arresting officer's testimony regarding any matter relating to the breathalyzer test is incompetent. We reject both arguments. We hold that where, as in this case, the defendant by his voluntary and overt actions makes it clear that he will not voluntarily submit to the breathalyzer test, it is not necessary for the State to present evidence that

the defendant was advised of his right to refuse to take the breathalyzer test before evidence of that refusal may be used against him at a trial for driving under the influence, as is allowed pursuant to G.S. 20-139.1. It is settled law that the arresting officer may testify as to that refusal at a trial for driving under the influence. *State v. Flannery*, 31 N.C. App. 617, 622, 230 S.E. 2d 603, 606 (1976).

No error.

Judges VAUGHN and BECTON concur.