STATE OF NORTH CAROLINA v. ROY LEE GRIFFIN, JR.

No. 8118SC1195

(Filed 15 June 1982)

1. **Robbery § 5.4— no instructions on lesser offenses of assault and larceny from the person proper**

    In a prosecution for common law robbery, the trial court properly refused to instruct the jury on assault and larceny from the person since there was no evidence to support the theory that the assault on the victim and the taking of his property were separate and unrelated crimes.

2. **Criminal Law § 89.6— evidence of prosecuting witness's reputation for homosexuality properly excluded**

    The trial court did not err in excluding evidence of the prosecuting witness's reputation for homosexuality since the evidence sought to be in-

State v. Griffin

troduced was that of the general reputation and not a specific instance of the witness's behavior, and since the prejudicial effect of the victim's alleged bias was questionable at best since two other State's witnesses testified to the identity of the defendant and to his criminal acts.

**3. Criminal Law § 89.10 — defense witness's prior convictions — admissible**

The trial court properly permitted cross-examination of a defense witness regarding his own conviction for the same crime for which defendant was being tried.

**4. Criminal Law § 134.2 — sentencing — right of allocution**

Unlike Rule 32(a) of the Federal Rules of Criminal Procedure G.S. 15A-1334(b) does not mandate that a personal invitation to speak on his own behalf prior to sentencing be directed to defendant himself rather than to his attorney.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 23 April 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 April 1982.

Defendant was charged in bills of indictment with common law robbery and kidnapping in connection with the alleged abduction of Robert Rhinehart.

State's evidence tended to show that defendant and a companion approached Rhinehart from behind as he was getting into his car during the early morning hours of 26 October 1980. Rhinehart was forced into the back of the car and made to lie on the floor after being robbed of his wallet and car keys and beaten over the head. The victim testified that the defendant drove the car while the other man, identified as Anthony Taylor, sat on the passenger side of the front seat. Rhinehart was released when the car was stopped by a highway patrolman.

Officer Apple of the State Highway Patrol testified that he stopped Rhinehart's car because it was being driven erratically. When he approached the car, Apple saw defendant, Rhinehart and Anthony Taylor. Rhinehart had blood on his face and was crying. After arresting defendant and Taylor, the officer found Rhinehart's wallet in Taylor's pocket. No weapons or money were found in the car and only Rhinehart appeared to have been drinking.

Defendant's evidence tended to show that Rhinehart agreed to give Taylor and defendant a ride to High Point on the night in

question. Taylor drove because Rhinehart was drunk and because his driver's license had been revoked. Clarissa Whitfield was also in the car, but got out before Officer Apple stopped them. Before leaving the car, Ms. Whitfield gave Rhinehart's empty wallet to Taylor. At some point, defendant took over driving the car. While defendant was driving, Rhinehart made homosexual advances to Taylor.

Clarissa Whitfield testified that she was in Rhinehart's car waiting to ask him for a ride when Taylor and defendant pushed Rhinehart into the car and hit him with their fists. She said she saw Rhinehart's wallet being taken but she did not say by whom. Until she left the car, Ms. Whitfield said Rhinehart, who had been drinking, sat beside her and leaned on her. Rhinehart did not remember seeing Ms. Whitfield on the night in question.

Defendant was found guilty of common law robbery and sentenced to ten years imprisonment. A mistrial was declared as to the kidnapping charge when the jury failed to agree on a verdict. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defenders Lorenzo L. Joyner and Marc D. Towler, for defendant appellant.*

ARNOLD, Judge.

[1]   Defendant's first assignment of error is that the trial court erred in refusing to instruct the jury on assault and larceny from the person. While these are lesser included offenses of the crime charged, we find no significant evidence to support an instruction thereon. Defendant would have the Court theorize that the assault on Rhinehart and the taking of his property may have been separate and unrelated crimes. Yet the only direct evidence presented at trial established that the victim was beaten and robbed by defendant and Taylor. Only evidence tending to show the absence of one of these elements would have justified an instruction on a lesser included offense. We find no such evidence in the record.

[2]　Defendant next argues that the trial court erred in excluding evidence of Rhinehart's reputation for homosexuality. Defendant contends that such evidence was essential to his theory of the case in that Taylor's refusal of Rhinehart's sexual advances could have been the motive for Rhinehart's false charges against Taylor and defendant. Defendant argues that since the value of the evidence for impeachment purposes is obvious from the record, his failure to make an offer of proof was not fatal.

Defendant relies heavily on the case of *State v. Becraft*, 33 N.C. App. 709, 236 S.E. 2d 306, *cert. denied*, 293 N.C. 362, 237 S.E. 2d 850 (1977), in which this Court held that the trial court had erred in excluding evidence that the alleged robbery victim was a homosexual who had previously propositioned the defendant. The case at bar is distinguishable from *Becraft*, however, in two important respects. First, the only evidence identifying the defendant in *Becraft* came from the alleged victim, making any evidence of the victim's bias or prejudice against the defendant critical. Here, the prejudicial effect of the victim's alleged bias is questionable at best since two other State's witnesses testified to the identity of the defendant and to his criminal acts. Moreover, *Becraft* involved evidence of a specific instance of the witness's behavior. Where, as here, evidence of the general reputation of a witness is sought to be introduced, a foundation must be laid to establish the basis for the testifying witness's opinion of that reputation. 1 Stansbury's N.C. Evidence § 110 (Brandis Rev. 1973). This was not done.

Defendant next assigns error to the trial court's failure to strike an improper question by the prosecutor and to give a curative instruction. Objection to the question, asked of defense witness Taylor about crimes committed by defense witness Means, was sustained. Yet we agree with defendant that the question itself could have been prejudicial and that a denial of defendant's motion to strike and for curative instructions might well have been error. However, where, as here, no such motion was made at trial, the issue is deemed to have been waived on appeal. *State v. Willard*, 293 N.C. 394, 238 S.E. 2d 509 (1977); *State v. Locklear*, 41 N.C. App. 292, 254 S.E. 2d 653 (1979).

[3]　As his next assignment of error, defendant contends that the trial court improperly permitted cross-examination of Anthony

Taylor regarding his own conviction for the same crime for which defendant was being tried. It is well established that impeachment by cross-examination of a witness concerning his prior criminal behavior is proper. *State v. Monk,* 286 N.C. 509, 212 S.E. 2d 125 (1975). Moreover, defendant's reliance upon the rationale set forth in *State v. Atkinson,* 25 N.C. 575, 214 S.E. 2d 270 (1975), is misplaced. *Atkinson* supports exclusion of evidence of a co-defendant's conviction for the same crime only where the co-defendant does not testify. Here, Taylor was called as a witness by defendant. The defendant thus exposed his witness to impeachment by the prosecutor. Finally, even if the cross-examination had been improper, the defendant's failure to object to it at trial constitutes a waiver of the issue on appeal. *State v. Campbell,* 296 N.C. 394, 250 S.E. 2d 228 (1979).

[4] Defendant's final argument on appeal concerns the court's alleged error in failing to issue an invitation to defendant to speak personally on his own behalf prior to sentencing. We find this Court's opinion in *State v. Martin,* 53 N.C. App. 297, 280 S.E. 2d 775 (1981), to be dispositive of this issue. *Martin* established that, unlike Rule 32(a) of the Federal Rules of Criminal Procedure, G.S. 15A-1334(b) does not mandate that such a personal invitation be directed to the defendant himself rather than to his attorney.

In the trial of defendant we find

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.