State v. Wilfong

the time Gilbert executed the contract, not at the time of the original grant, controls.

VI

STATE OF NORTH CAROLINA v. RICKY DALE WILFONG

No. 8325SC930

(Filed 5 June 1984)

1. **Burglary and Unlawful Breakings § 5.8— breaking and entering—absence of consent of lessee**

   The State's evidence was sufficient to show that defendant lacked consent of a lessee to enter her apartment so as to support his conviction of misdemeanor breaking and entering where it tended to show that after defendant was denied entry to the apartment by one lessee, the second lessee locked the doors and windows to the apartment; five minutes later, the second lessee heard the glass breaking in the back door; as the second lessee ran out the front door and started down the street, she looked back and saw defendant coming through the front door; defendant caught up with her and began to beat her; and after the crimes an officer observed a broken pane in the back door of the apartment.

2. **Criminal Law § 86.8— conduct of witness—collateral matter—necessity for cross-examination of witness**

   In a prosecution for breaking and entering and assault on a female, testimony by defendant that the two occupants of the apartment where the crimes occurred were lesbians was not competent to show interest, bias or motive on the part of the prosecuting witness where defense counsel never cross-examined the prosecuting witness about an alleged sexual relationship with the other occupant of the apartment, since collateral conduct tending to show bias must first be called to the attention of the witness before it may be proved by others.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 21 March 1983 in Superior Court, CATAWBA County. Heard in the Court of Appeals 16 February 1984.

Defendant was tried on charges of assault on a female and misdemeanor breaking or entering. He was found guilty of misdemeanor breaking or entering and sentenced to 18 months imprisonment. From his conviction and sentence, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Fred R. Gamin, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender David W. Dorey, for defendant.*

ARNOLD, Judge.

Defendant has assigned error to the denial of his motion to dismiss the charge of misdemeanor breaking or entering for insufficiency of the evidence and to the court's refusal to admit certain evidence. We find no error in the trial.

[1] Defendant first argues that the evidence was insufficient to show that he was the perpetrator of the breaking or entering or that he lacked consent of the lessee to enter her apartment. He contends that since the evidence at trial raised no more than a suspicion or conjecture as to the commission of the offense, his motion to dismiss should have been granted.

In ruling on a motion to dismiss,

> [t]he evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court. . . . (Citations omitted.)

*State v. Powell*, 299 N.C. 95, 99, 261 S.E. 2d 114, 117 (1980). When viewed in this light, the State's evidence tends to show that on 2 December 1982 Thelma Shatley was living in an apartment in Hickory with Charlene Streeter. Around 2:30 or 3:30 on the morning of 2 December Shatley was awakened by Streeter and defendant as they conversed at the front door. The two talked for about thirty or forty-five minutes, and Streeter refused to let defendant in. Streeter then left the apartment. Immediately after Streeter's

departure, Shatley locked the front door and made sure the back door and windows were locked. Five minutes later Shatley heard the glass breaking in the back door. She ran out the front door onto the porch and started down the street. Shatley looked back and saw defendant coming through the front door. He caught up with her and began beating her with a stick.

Several hours after the alleged break-in and assault, an investigator with the Hickory Police Department went to the apartment and observed a broken pane in the back door. Shatley did not give defendant permission to enter the apartment, nor is there any evidence that Streeter consented to his entry.

We find no merit to defendant's argument that the State failed to show that defendant lacked the consent of Streeter to enter her apartment, and, therefore, failed to present sufficient evidence of a wrongful entry. From the evidence that several minutes after Streeter left the apartment after having denied defendant entry and after Shatley had locked the doors and windows to the apartment, the glass in the back door was broken, and defendant was seen running out of the front door; the jury reasonably could have inferred that Streeter did not give defendant consent to enter her apartment.

There is also no merit to defendant's allegation of insufficient evidence as to the defendant being the perpetrator of the break-in. Defendant emphasizes that Shatley did not see him enter the back door of the apartment and did not indicate whether she observed him run out the front door to the apartment or to the building in which the apartment was located. There is no evidence in the record that there was a separate door to the apartment building. On appeal, this Court may not consider evidence discussed in the brief outside the record. *State v. Flannery*, 31 N.C. App. 617, 230 S.E. 2d 603 (1976). The trial court properly denied defendant's motion to dismiss, since the evidence was sufficient to carry the case to the jury.

[2] During the direct examination of defendant, he was asked if he knew why Streeter and Shatley were living in the same apartment together. Defendant responded, "Yes, they were lesbians." The assistant district attorney moved to strike this response, and defense counsel requested to be heard on the motion. The trial court then allowed defense counsel to question defendant for the

record regarding his knowledge of such a relationship. Defendant gave the following testimony:

Q. How do you know what the relationship is?

A. Well, you see I have been knowing Charlene for years and we were in school together and Thelma she use to work at the Finefare and she paid Charlene rent and I have seen them down there and they sleep in the same bed. I will just put it like that. I know that much and she worked at Finefare and Charlene does or goes to Finefare and gets her and Charlene gives her money and stuff like that. I have lived around that neighborhood along time and everyone knows that.

Q. Do you have an opinion as to Thelma reputation in the community?

A. Yes sir.

Q. What is that opinion?

A. She is pretty well known, you know. . . . she is funny —

Q. What do you mean by funny?

A. She is gay.

After considering this testimony, the trial court allowed the State's motion to strike and instructed the jury not to consider defendant's answer that Streeter and Shatley were lesbians.

Defendant argues on appeal that his testimony should have been admitted to show interest, bias or motive on the part of Shatley. He suggests that his testimony tended to show that Shatley's accusations were the result of her jealousy over defendant's past and present relationship with Streeter. In support of his argument defendant cites two cases where this Court ordered a new trial because of the lower court's refusal to allow testimony showing bias on the part of State's witnesses. *State v. Erby,* 56 N.C. App. 358, 289 S.E. 2d 86 (1982); *State v. Becraft,* 33 N.C. App. 709, 236 S.E. 2d 306, *disc. rev. denied,* 293 N.C. 362, 237 S.E. 2d 850 (1977).

In *State v. Erby, supra,* this Court found prejudicial error in the trial court's refusal to allow defense counsel to ask a State's witness if she was in love with the decedent. Defendant was sub-

sequently convicted for the voluntary manslaughter of decedent. In *State v. Becraft, supra,* the State's witness, a robbery victim, denied on cross-examination that he was a homosexual and that he had propositioned the defendants prior to the robbery. Thereafter, the trial court would not allow one of defendants to testify that the victim had propositioned him and that he had refused. We held that this testimony should have been admitted to show bias on the part of the robbery victim toward the defendant.

Both *Erby* and *Becraft* are distinguishable from the case on appeal. Defense counsel sought to impeach the credibility of the State's witnesses in the two cited cases only after asking or attempting to ask these witnesses about certain conduct tending to show bias. Defense counsel here never cross-examined Shatley about an alleged sexual relationship with Streeter. "When the statement or conduct is 'collateral,' but tends to show bias, it must first be called to the witness's attention, thus giving him an opportunity to admit, explain or deny it, but, if denied, may be proved by others." 1 Brandis on North Carolina Evidence § 48 (Sec. rev. ed. 1982) at 182.

We believe that defendant's testimony was also inadmissible because its prejudicial effect outweighed its slight tendency to show bias on the part of Shatley. Specifically, defendant failed to present any evidence of a close relationship between himself and Streeter which would tend to make Shatley jealous. There was also no direct evidence of any homosexual relationship between the two women.

From the judgment appealed from, we find

No error.

Judges WHICHARD and BECTON concur.