IN THE MATTER OF THE SALE OF LAND OF PAUL AVERY WARRICK AND WIFE, SHIRLEY G. WARRICK, UNDER FORECLOSURE BY JOSEPH B. CHAMBLISS, SUBSTITUTE TRUSTEE.

(Filed 12 June 1968.)

1. Appeal and Error § 42—
    When the evidence is not in the record it will be presumed that there was sufficient evidence to support the findings of fact necessary to support the court's judgment.

2. Appeal and Error § 28—
    Where there is no request for findings of fact it will be presumed that the court on proper evidence found facts sufficient to support its judgment.

3. Appeal and Error § 42—
    Matters discussed in the brief which are outside the record will not be considered on appeal.

4. Same—
    The Court of Appeals can judicially know only what appears of record.

APPEAL by respondents Paul Avery Warrick and wife, Shirley G. Warrick, from Cowper, J., 29 December 1967 in Chambers in WAYNE Superior Court.

Joseph B. Chambliss alleged that he was acting under the provisions of G.S. 45-21.29(k) as substitute trustee under a deed of trust executed by Paul Avery Warrick and wife, Shirley G. Warrick, to R. E. McDaniel, Trustee, dated 5 August 1962, recorded in

Wayne County Registry, and filed an "application" in the Superior Court of Wayne County addressed to the Clerk of the Superior Court.

In this application he alleges, among other things, that the property described therein lies in Brogden Township, Wayne County, North Carolina, and "that Joseph B. Chambliss was the duly appointed substitute trustee under a deed of trust from Paul Avery Warrick and wife, Shirley G. Warrick, to R. E. McDaniel, Trustee, dated the 5th day of August, 1962, and recorded in Book 569 at page 519 in the Office of the Register of Deeds of Wayne County, North Carolina.

"That said substitute trustee by virtue of the default in the payment of the indebtedness secured by said deed of trust, having been called upon by the holder of said instrument to foreclose said deed of trust did, after due advertisement as required by law, offer said land described in said instrument for sale, through his authorized agent, at the courthouse door in Wayne County, North Carolina, on the 22nd day of July, 1964, when and where Certain-Teed Products Corporation became the last and highest bidder at said sale. That report of said sale was made to Clerk of Superior Court and said bid remained open for more than ten days and no advance bid was offered, whereupon the substitute trustee executed a deed of said premises to the purchaser and the same was duly recorded in the Office of the Register of Deeds of Wayne County after confirmation of said sale. * * * That the undersigned, Joseph B. Chambliss, Substitute Trustee, is informed and believes, and therefore alleges, that the said Paul Avery Warrick and wife, Shirley G. Warrick, were in possession of the property at the time of the sale, and after demand duly made, have failed to vacate and deliver up said premises to the purchaser and it is therefore necessary for Writ of Assistance to issue from this Court to place the purchaser in possession of the property sold as aforesaid.

"That said purchaser has paid the purchase price bid by crediting the noteholder with the sum of $1,000.00, less the costs of the proceedings as shown on the report filed in the Office of the Clerk of Superior Court of Wayne County, North Carolina."

Whereupon, the petitioner prays: "That the Clerk of Superior Court of Wayne County issue a Writ of Assistance to place the purchaser in possession of the property sold as aforesaid after ten days' notice duly given to Paul Avery Warrick and wife, Shirley G. Warrick, and for such other and further relief as to the Court may seem just and proper."

The respondents filed answer to the petition denying each allegation thereof and specifically alleging:

"A. There is no authority of record for the First Commercial Acceptance Corporation to act as attorney in fact for the holder of the deed of trust and note thereby secured.

B. The substitution of the trustee fails to comply with the provisions of G.S. 45-10.

C. The acknowledgment of the purported attorney in fact of the appointment of the substitute trustee fails to comply with the provisions of G.S. 47-43."

Respondents were directed in a notice dated 25 July 1967, issued by the Clerk of Superior Court of Wayne County, to appear before him on 10 August 1967 "and show cause why, if any there be, a writ of assistance should not issue."

At the hearing the writ of assistance was issued, and the respondents appealed to the Superior Court. The Superior Court found that the issuance of the writ of assistance by the Clerk of Superior Court of Wayne County was proper. Respondents appealed to this Court.

*Hubert B. Hulse for respondent appellants.*
*Henson P. Barnes for petitioner appellee.*

MALLARD, C.J. Respondents assign as error the finding by the Superior Court that the writ of assistance issued by the Clerk of the Superior Court of Wayne County should be affirmed and contend that the signing of the judgment allowing the writ constitutes error.

G.S. 45-21.29(k), prior to its amendment by Chapter 979, Session Laws of 1967, controls the disposition of this case. Prior to its amendment, it provided that in proper cases the Clerk of the Superior Court of the county within which a foreclosure sale is held has the authority to issue a writ of assistance. Application for the writ may be made by the mortgagee, the trustee named in such deed of trust, any substitute trustee, or the purchaser of the property, provided he has paid the purchase price.

The evidence in this case is not before us, and when the evidence is not in the record, it will be presumed that there was sufficient evidence to support the findings of fact necessary to support the judgment. 1 Strong, N. C. Index 2d, Appeal & Error, §§ 28 and 42.

The judgment of Judge Cowper in the Superior Court finds "as a fact that the writ of assistance issued by the Clerk of the Superior Court of Wayne County, North Carolina, should be affirmed."

Respondents except to this "finding of fact," but since the evidence is not before us, we must assume that there was competent

evidence heard by the court to so find. The judgment of Judge Cowper recites that he heard evidence.

The respondents did not object to the finding by the Clerk of the Superior Court. When he found that the respondents were in the wrongful possession of the premises described in the pleadings, they only excepted and objected to the entry of the order directing the writ of assistance to issue.

There was no request for findings of fact, and where there is no request for such findings, it will be presumed that the Court, on proper evidence, found facts sufficient to support its judgment. 1 Strong, N. C. Index 2d, Appeal and Error, § 28.

Respondents argue in their brief what "the record in this case fails to show," but they did not see fit to include in this record what the evidence revealed so that we might determine from the record whether the petitioner applicant made out his case as alleged. Respondents contend that he did not, but the Clerk of the Superior Court and the Judge of Superior Court have both found that he did. On the record before us, we find that the issuance of the writ of assistance was proper.

Both parties in their briefs have discussed matters outside of the record. In 1 Strong, N. C. Index 2d, Appeal & Error, § 42, we find that matters discussed in the brief outside the record will not be considered. In this same section of Strong's Index we find also that the Supreme Court can judicially know only what appears of record. We hold that the same rule also applies to this Court.

Affirmed.

BRITT and MORRIS, JJ., concur.