CIVIL SERVICE BOARD OF THE CITY OF CHARLOTTE v. RICHARD S. PAGE

No. 68SC110

(Filed 14 August 1968)

1. **Administrative Law § 4; Municipal Corporations § 11— hearing by municipal administrative agency — notice of charges**

    Where no statute, rule or regulation establishes the kind and contents of a notice of charges against a municipal employee to be heard by a municipal administrative agency, the notice is governed by established rules of procedure applicable generally to administrative tribunals.

2. **Administrative Law § 4— due process — fair hearing**

    The constitutional requirement of due process is met by a fair hearing before a regularly established administrative tribunal.

**3. Administrative Law § 4—   fair hearing — notice of charges**

The right to a hearing embraces the right to a reasonable opportunity to know the claims of the opposing party and to meet them.

**4. Administrative Law § 4;   Municipal Corporations § 11—   hearing before municipal civil service board — notice of charges**

In a proceeding before a municipal civil service board to determine whether a fire department employee should be discharged, the employee was sufficiently apprised of the derelictions with which he was charged, thereby giving him the opportunity to meet them, by (1) written notices of his temporary suspension from the fire department and of the hearing before the civil service board upon charges of "gross insubordination or willful disobedience of any order lawfully issued by a superior in the department," and by (2) the hearing itself, wherein the employee fully participated with counsel, in which evidence was presented that the employee disobeyed an order to help set up tents for a "Festival in the Park."

**5. Administrative Law § 4;   Municipal Corporations § 11—   wilfully disobeying lawful order — burden of proof**

A municipal fireman charged with wilfully disobeying an order lawfully issued has the burden of showing that the order was unlawful.

**6. Public Officers § 8;   Municipal Corporations § 9—   acts of public officers presumed proper**

It is presumed that acts of a public officer within the sphere of his official duties and purportedly exercised in an official capacity and by public authority are within the scope of his authority and in compliance with controlling statutory provisions; this presumption, however, is one of law and not of fact and may be rebutted by competent evidence.

**7. Appeal and Error § 40—   record on appeal — brief**

A brief is not a part of the record on appeal. Rule of Practice in Court of Appeals No. 19.

**8. Appeal and Error § 42—   assertions in brief not supported by record on appeal**

The Court of Appeals will not consider as facts assertions set forth in the brief which are not supported by evidence or any other portion of the record on appeal.

**9. Municipal Corporations § 9—   municipal firemen — performing various public duties**

A municipality can require firemen employees to perform public duties other than those relating to the fighting or prevention of fires.

**10. Administrative Law § 5;   Municipal Corporations § 11—   discharged Charlotte fireman — appeal**

An employee of the Charlotte Fire Department who is discharged after a hearing by the civil service board may appeal to the Mecklenburg County Superior Court, and such appeal is governed by the provisions of Article 33, Chapter 143 of the General Statutes. Section 4.61(6), Chapter 713, Session Laws of 1965.

**11. Administrative Law § 4;   Municipal Corporations § 11— civil service board — quasi-judicial function**

A civil service board acts in a quasi-judicial capacity when passing on the dismissal of an employee.

**12. Administrative Law § 5;   Municipal Corporations § 11— civil service board — findings conclusive when supported by evidence**

The findings of fact of the Charlotte Civil Service Board are conclusive on appeal when supported by competent, material and substantial evidence in view of the entire record as submitted. G.S. 143-315.

**13. Administrative Law § 5;   Municipal Corporations § 11— findings of fact supported by the evidence**

Findings of fact by a municipal civil service board in an order dismissing a fire department employee for violating the fire department rules and regulations by wilfully disobeying an order of a superior officer to help erect tents for a "Festival in the Park" *are held* supported by competent, material and substantial evidence in view of the record as submitted, and are therefore conclusive on appeal.

**14. Administrative Law § 4;   Municipal Corporations § 11— civil service board — requisites of fair hearing**

In a proceeding before a municipal civil service board to determine whether a fire department employee should be discharged, the employee was accorded a fair hearing where he was given timely notice of the charges against him, a reasonable opportunity to confront and examine witnesses against him, the right to inspect documents, and where he was present with counsel at the hearing, was permitted to offer evidence, and was given a hearing by a duly constituted agency within a reasonable time after the charges were filed against him.

APPEAL by respondent Richard S. Page from *Brewer, J.,* 4 December 1967 Schedule D Non-Jury Session of Superior Court of MECKLENBURG County.

After a hearing the Civil Service Board of the City of Charlotte found, among other things, that the respondent Page, a fire alarm dispatcher of the Charlotte Fire Department, was guilty of willful disobedience of a lawful order issued to him by a superior officer in the department, in violation of Rule 2 of the Rules and Regulations of the Fire Department of the City of Charlotte. Thereupon, the Civil Service Board discharged the respondent from the service of the Charlotte Fire Department. Upon review by the superior court, judgment was entered confirming the order of the Civil Service Board, and the respondent appeals to the Court of Appeals.

*W. A. Watts for Civil Service Board of the City of Charlotte appellee.*

*John D. Warren for respondent appellant.*

MALLARD, C.J.

Respondent brings forward two assignments of error. In the first one he asserts that the charges against him were in the alternative and were not sufficiently specific to inform him of the nature thereof, and therefore he was not afforded the opportunity to prepare and present the evidence necessary to defend himself.

In the other assignment of error brought forward respondent asserts that the court committed error in upholding the order of the Civil Service Board discharging the respondent for willful disobedience of a lawful order issued to him by a superior officer in the department.

The parties stipulated that the Civil Service Board of the City of Charlotte was "a properly constituted administrative agency." It was also stipulated "that the copy of notice of the hearing of the Civil Service Board was timely received by the respondent. . . ."

The pertinent parts of the notice of hearing read as follows:

"This is to notify you that the Civil Service Board will hold a hearing in the Council Chamber in the City Hall, on Wednesday, September 20, 1967, at 1:00 o'clock P.M., in regard to your citation by Chief Walter J. Black on September 8, 1967, for the alleged violation of Rule 2 of the Rules and Regulations of the Charlotte Fire Department, which reads as follows:

'For gross insubordination or willful disobedience of any order lawfully issued to him by a superior officer in the department.' You will please be present at that time to be heard in your defense. You are at liberty to have any witnesses that you wish present to testify in your behalf."

The evidence tends to show that C. W. Robinson was the immediate superior of the respondent. That Mr. Robinson on 7 September 1967 told respondent Page to report for work at 9:00 a.m. on 8 September 1967 at Freedom Park to assist in getting the "Festival in the Park" ready. He did not go. Walter J. Black, Chief of the Charlotte Fire Department, testified that on 8 September 1967 at about 10:00 a.m. "I . . . called Page over to my office and asked him why he had refused to go to the park. He said he thought his work in the Dispatcher Room was more important and he didn't intend to go. I told him, under those conditions, I would have to suspend him, for insubordination. Then he mentioned the allergy. At that time, he was verbally suspended, and the allergy did not enter into it. I wrote out his suspension orders and gave them to him."

Under a stipulation of the parties certain rules and regulations

of the Fire Department of the City of Charlotte were admitted in evidence. Among these was Rule 2 as contained in the copy of the notice of hearing, a violation of which subjects one to a fine, suspension, dismissal, or other disciplinary measures. Also among these were sections five and six relating to the duties and responsibilities of the Chief of the Fire Department. Section five authorizes the chief to suspend a member of the fire department. No question is raised on this appeal with respect to the written order of temporary suspension entered by the Chief of the Fire Department. The respondent did not appeal therefrom to the Civil Service Board as provided in Section 4.61 of Chapter 713 of the Session Laws of 1965. There is no copy of this order in the record. Section six of the rules and regulations authorizes the chief to make all duty assignments.

Subsection 6 of Section 4.61 of Chapter 713 of the 1965 Session Laws reads in part as follows:

> "No officer or employee of the Fire or Police Department of the City of Charlotte shall be dismissed, removed, or discharged except for cause, upon written complaint, signed by the Chief of either the Fire or Police Department in which said officer or employee is employed making said complaint and until after the said officer or employee has been given an opportunity to be heard by the Civil Service Board in his own defense, and in the event such officer or employee is convicted of violating the Rules and Regulations of the respective department, said Board may discharge said employee or officer from the service, . . ."

[1]    The statute is silent as to the kind and contents of notice required. Whether there are any rules or regulations establishing a procedure relating to the kind and the contents of notice to a respondent of charges against him has not been called to our attention. In the absence of such, the notice must be governed by established rules of procedure applicable generally to administrative tribunals. *Jarrell v. Board of Adjustment,* 258 N.C. 476, 128 S.E. 2d 879.

[2]    "The constitutional requirement of due process is met by a fair hearing before a regularly established administrative tribunal." 42 Am. Jur., Public Administrative Law, § 137.

[3]    "The right to a hearing embraces the right to a reasonable opportunity to know the claims of the opposing party, and to meet them." 42 Am. Jur., Public Administrative Law, § 139.

[4]    The respondent had been temporarily suspended on 8 September 1967 for insubordination. The notice of hearing dated 11

September 1967, fairly interpreted, contained two charges in the alternate. One of "gross insubordination" and the other of "willful disobedience of an order lawfully issued." Respondent did not ask for a continuance when the matter came on for a hearing but contended, without contradiction, that gross insubordination was different from ordinary insubordination and that willful disobedience of an order lawfully issued by a superior officer was different from gross insubordination.

The respondent, after inquiring if he was charged with both offenses, did not make the assertion before or at the time of the hearing that he was not informed of the charges against him sufficiently so that he could have a fair and full hearing. Neither did he assert prior to or at the time of the hearing that he was not afforded the opportunity to prepare and present the evidence necessary to defend himself in the alternative or that he was taken by surprise. He makes that assertion for the first time in his brief. In his brief, and at the hearing, the respondent contended that the Board refused to state whether the hearing was one for insubordination or disobedience of an order lawfully issued, or both, and that the Board proceeded to try him for a willful disobedience of an order lawfully given, never having informed him that such was the charge against him. The respondent was told by the Chief of the Fire Department specifically why he was being suspended. He also received a written notice of his suspension. In the stipulation the respondent stipulates that he received a copy of the notice "timely." In this notice appears the following charges: "For gross insubordination or willful disobedience of any order lawfully issued to him by a superior officer in the department."

We are of the opinion and so decide that under the circumstances shown here, the notice of suspension, the notice of hearing, and the hearing plainly conveyed to the respondent the charges against him with sufficient clarity to enable him to know the derelictions he was being accused of and to give him opportunity to meet them, and that he has had a full and fair hearing, after timely notice.

Respondent was present at the hearing, represented by counsel, cross-examined witnesses, offered evidence, and otherwise participated therein. He did not contend at the time of the hearing that he had not had time to prepare to defend against both charges.

Respondent contended that no order was given him by his superior, Mr. Robinson, and if there was, it was not an order lawfully given because he contended Mr. Robinson did not have the authority to order him to go to Freedom Park to set up tents.

There was no contention here that Mr. Robinson was not the superior officer of the respondent. There was ample evidence that an order was given by Mr. Robinson to respondent to report for work in the park and that respondent willfully disobeyed the order.

[5]     The Chief of the Fire Department testified that the officials of the Fire Department had the authority to send firemen to the park for the purpose of erecting tents. That this had been the custom for several years. The burden was on the respondent to show, if he could, that the order was unlawful. This he failed to do. *Huntley v. Potter*, 255 N.C. 619, 122 S.E. 2d 681.

[6]     The Chief of the Fire Department of the City of Charlotte is a public officer. The presumption of regularity supports the official acts of public officers. It is presumed, in the absence of evidence to the contrary, that acts of a public officer within the sphere of his official duties, and purporting to be exercised in an official capacity and by public authority, are within the scope of his authority and in compliance with controlling statutory provisions. This presumption, however, is one of law, and not of fact, and may be rebutted or overthrown by competent evidence. 29 Am. Jur. 2d, Evidence, § 171; *United States v. Chemical Foundation*, 272 U.S. 1, 71 L. ed. 131; *Huntley v. Potter, supra.*

The evidence and the record in this case are silent as to what the tents were to be used for. The respondent did not offer any evidence as to the purpose of the erection of the tents in Freedom Park for a project known as "Festival in the Park" except to say that the tents had nothing to do with fighting or prevention of fires.

[7, 8]     Respondent in his brief makes assertions that the tents were to be used for a purpose that was not of a public nature but were for a private function. These assertions are not supported by the evidence or any other portion of the record on appeal. We do not consider as facts in the case matters not supported by the evidence or any other part of the *record on appeal*. A brief is not a part of the *record on appeal*. See Rule 19 of the Rules of Practice in the Court of Appeals for contents of the record on appeal.

[9]     It is common knowledge that municipal fire departments are sometimes called upon to perform public duties unrelated to the fighting or prevention of fires. For instance, firemen are frequently called upon to help quell riots.

[9]     Respondent has cited no authority, and we have found none, holding that a municipality cannot require firemen employees to perform public duties other than those relating to the fighting or prevention of fires.

Respondent does not testify that he was physically unable to go to the park and assist in the work there. He said he had an allergy but did not testify that it was a condition that would prohibit him from working in the park. The evidence was conflicting as to whether he told his superiors of his allergy before he was suspended for refusing to go to the park. He insists that he had the right to determine which job was more important for him to do. The Rules and Regulations of the Fire Department of the City of Charlotte did not give him this right.

After hearing all the evidence, including respondent's evidence of having an allergy, the Civil Service Board made and entered the following findings of fact and order:

"(1) That on Thursday night, September 7, 1967, at about 8:30 P.M., Deputy Fire Chief C. W. Robinson called Richard S. Page, a fire alarm dispatcher of the Charlotte Fire Department, and ordered Page to report for duty on Friday, September 8, 1967, at 9 a.m. at Freedom Park to work with other members of the Fire Department.

(2) That Deputy Fire Chief C. W. Robinson is the immediate superior officer of Richard S. Page, and as such, it is Chief Robinson's duty to assign Richard S. Page his work details.

(3) That Richard S. Page willfully failed and refused to obey the order given to him by his immediate superior; did fail and refuse to report for duty at 9 a.m. on Friday, September 8, 1967, at Freedom Park as ordered; did fail and refuse to report to Freedom Park at any time thereafter; and did fail and refuse to give any adequate or reasonable grounds for his failure and refusal to obey the order.

Based on the foregoing findings of fact, the Charlotte Civil Service Board finds Richard S. Page guilty of willful disobedience of a lawful order issued to him by a superior officer in the department, in violation of Rule 2 of the Rules and Regulations of the Fire Department, Charlotte, North Carolina, as adopted by this Board on March 31, 1960, and adopted by City Council on October 31, 1960.

Wherefore, the Charlotte Civil Service Board orders that Richard S. Page be, and he is hereby discharged from service of the Charlotte Fire Department, effective September 20, 1967; and be it further ordered that the suspension of Richard S. Page from and since September 8, 1967, be without pay."

[10] It is provided in Section 4.61(6) of Chapter 713 of the 1965

Session Laws, among other things, that if an employee of the Fire Department of the City of Charlotte shall be discharged, after a hearing, by the Civil Service Board of the City of Charlotte that he may appeal from the order of the board to the superior court of Mecklenburg County. It is further provided therein that the appeal shall be governed by the provisions of Article 33, Chapter 143 of the General Statutes. This article relates to the judicial review of decisions of certain administrative agencies.

[11, 12] A civil service board, when passing on the dismissal of an employee, is acting in a quasi-judicial capacity. *Bratcher v. Winters,* 269 N.C. 636; 15 Am. Jur. 2d, Civil Service, § 38. The findings of fact of the Civil Service Board of the City of Charlotte are conclusive on appeal when supported "by competent, material, and substantial evidence in view of the entire record as submitted." G.S. 143-315.

[13] We are of the opinion and so decide that the facts found by the Civil Service Board of the City of Charlotte are supported "by competent, material, and substantial evidence in view of the entire record as submitted."

[14] Respondent had due and timely notice of the charges against him. He had reasonable opportunity, after being informed of the charges against him, to prepare his defense and to meet the charges. He had the opportunity to confront and examine the witnesses against him. The right to inspect documents was not denied him. He had the right to and was present at the hearing and was represented by counsel. His counsel was heard. He was permitted to offer evidence to meet the charges against him. He was given a hearing within a reasonable time after the charges were filed against him by a duly constituted agency. *Jarrell v. Board of Adjustment, supra; Branche v. Board of Trustees,* 141 N.Y.S. 2d 477; *State v. Board of Commissioners of Fargo,* 63 N.D. 33, 245 N.W. 887; *State v. Milwaukee,* 157 Wis. 505, 511, 147 N.W. 50. The respondent has been accorded a fair hearing; none of his rights have been violated. We are of the opinion and so decide that the order of the superior court in upholding the order of the Civil Service Board discharging the respondent for willful disobedience of a lawful order issued to him by his superior was proper and should be

Affirmed.

BROCK and PARKER, JJ., concur.