WALTER ARNELL WEST v. G. D. REDDICK, INCORPORATED

No. 7723SC1016

(Filed 17 October 1978)

**1. Process § 12; Rules of Civil Procedure § 4— summons directed to agent of corporate defendant**

A summons was not fatally defective because it was directed to an agent of the corporate defendant rather than to the corporate defendant itself.

**2. Rules of Civil Procedure § 41.1— voluntary dismissal after defendant's motion to dismiss allowed**

The trial court did not err in allowing plaintiff's motion for voluntary dismissal under G.S. 1A-1, Rule 41(a)(2) after the court had allowed defendant's motion to dismiss for lack of personal jurisdiction where no appeal was pending at the time of the voluntary dismissal order, and both of the court's orders were entered at the same term of court.

**3. Appeal and Error § 16.1; Trial § 30— voluntary dismissal—pending appeal—subsequent supplemental order**

The trial court could not properly enter a supplemental order affecting two prior orders where the trial court had allowed a voluntary dismissal, defendant had given notice of appeal from the order of voluntary dismissal, and the term during which the two prior orders were entered had expired.

APPEAL by defendant from *Kivett, Judge*. Orders entered 15 and 30 September 1977 in Superior Court, WILKES County. Heard in the Court of Appeals 20 September 1978.

Plaintiff instituted this action to recover for injuries allegedly received while in defendant's store on 25 July 1974. The civil summons was directed as follows:

"Richard J. Tuggle, 228 W. Market Street, Greensboro, NC (Mr. Richard J. Tuggle, is the listed registered agent for G. D. Reddick, Inc.)"

Defendant answered, asserting that "plaintiff has not obtained valid in personam jurisdiction over the defendant."

Defendant's motion to dismiss for lack of personal jurisdiction was heard on 6 September 1977, at which time Judge Kivett announced in open court that he would allow the motion and that a written order would subsequently be entered; and the clerk so noted in her minutes. Judge Kivett, however, noted in settling

West v. Reddick, Inc.

the record on appeal that he thereafter decided to reconsider the matter but did not so inform the clerk.

Judge Kivett signed an order on 12 September allowing the motion to dismiss, and this order was filed. On 15 September, plaintiff filed a motion for voluntary dismissal, and Judge Kivett signed an order allowing same. Defendant then gave notice of appeal from the 15 September order.

Then on 30 September, Judge Kivett, on his own motion, entered a supplemental order to the effect that: he had inadvertently signed the 12 September 1977 dismissal order, and an employee in the clerk's office had inadvertently filed it; he, in fact, never intended to issue a final ruling on the motion to dismiss; he studied the matter and decided to allow plaintiff a voluntary dismissal without prejudice; the 12 September order should be declared null and void; and the 15 September order stated his true intentions. Defendant also appealed the 30 September supplemental order.

*Vannoy, Moore & Colvard, by J. Gary Vannoy, and Morris W. Keeter, for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and Keith W. Vaughan, for defendant appellant.*

ERWIN, Judge.

[1] First, we reject defendant's contention that the trial court acquired no personal jurisdiction over it. A summons containing the alleged infirmity with which we are here confronted was upheld by our Supreme Court in *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978). The Court in *Wiles* overruled a line of authority to the extent that the cases therein were inconsistent with the rule announced by the Court. The *Wiles* rule was applied by this Court in *Public Relations, Inc. v. Enterpries, Inc.*, 36 N.C. App. 673, 245 S.E. 2d 782 (1978).

[2] We further conclude that the trial court properly allowed plaintiff's motion for voluntary dismissal. G.S. 1A-1, Rule 41(a)(2), "Voluntary Dismissal by Order of Judge," provides in pertinent part:

"Except as provided in subsection (1) of this section, an action or any claim therein shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as justice requires."

Whether an order granting voluntary dismissal under Rule 41(a)(2) should be entered is a matter of trial court discretion. *King v. Lee*, 279 N.C. 100, 181 S.E. 2d 400 (1971); *Lewis v. Piggott*, 16 N.C. App. 395, 192 S.E. 2d 128 (1972). Rule 41 places no time limit on the right of a plaintiff to move for a voluntary dismissal under 41(a)(2). *See* Shuford, N.C. Civil Practice and Procedure, § 41-5. In *King v. Lee, supra,* our Supreme Court remanded the case to permit a motion for voluntary dismissal. We note that no appeal was pending herein at the time the voluntary dismissal order was entered. *Cf. Bowen v. Motor Co.*, 292 N.C. 633, 234 S.E. 2d 748 (1977). Further, the 12 and 15 September orders were entered during the same term of court.

[3]  Further, we are of the opinion that the 30 September order is of no effect and must be vacated, because the trial court could not properly enter any further orders in the case in that defendant had at that point previously filed notice of appeal from the 15 September order, the trial court had allowed a voluntary dismissal, and the term of court during which the 12 and 15 September orders had been entered had expired. *See Bowen v. Motor Co., supra; Sutton v. Sutton*, 18 N.C. App. 480, 197 S.E. 2d 9 (1973); *Collins v. Collins*, 18 N.C. App. 45, 196 S.E. 2d 282 (1973).

The results, therefore, are as follows: the order of 15 September 1977 is affirmed; the order of 30 September 1977 is vacated.

Judges MORRIS and VAUGHN concur.