WALTER ARNELL WEST v. G.D. REDDICK, INC.

No. 8023DC144

(Filed 5 August 1980)

**Limitation of Actions § 18.1; Rules of Civil Procedure § 41.1– statute of limitations
– judgment on pleadings – voluntary dismissal – failure to reinstitute action
within one year**

    In an action to recover damages for personal injuries allegedly caused
by defendant's negligence, the trial court properly granted defendant's
motion for judgment on the pleadings based on the three-year statute of
limitations where the pleadings showed that the present action was not filed
within three years after the accident and that plaintiff had previously taken
a voluntary dismissal without prejudice but failed to reinstitute his action
within one year from the date of the voluntary dismissal prescribed in G.S.
1A-1, Rule 41(a)(2). The question of when the one-year period under Rule
41(a)(2) begins if there was an appeal from the order allowing the voluntary
dismissal is not properly before the appellate court where the record fails to
show that an appeal was taken from plaintiff's voluntary dismissal.

Judge HEDRICK dissenting.

APPEAL by plaintiff from *Kilby, Judge.* Order entered 19
October 1979 in District Court, WILKES County. Heard in the
Court of Appeals 10 June 1980.

    Plaintiff filed a complaint in this action on 28 November
1978, seeking damages for personal injuries sustained as a re-
sult of the alleged negligence of defendant. Plaintiff alleged he
was an invitee upon the commercial premises of defendant on
25 July 1974 when the accident occurred. In its answer defend-
ant, among other defenses, asserted the three-year statute of
limitations, N.C.G.S. 1-52. Defendant sought dismissal of plain-
tiff's action on the grounds that previously plaintiff had taken a
voluntary dismissal without prejudice of his action but had
failed to reinstitute his action within one year from the date of
the voluntary dismissal, 15 September 1977. Defendant then
filed a motion for judgment on the pleadings, which was
granted by the court. Plaintiff appeals from this order.

*Vannoy, Moore and Colvard, by J. Gary Vannoy and Michael
E. Helms, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and Keith W. Vaughn, for defendant appellee.*

MARTIN (Harry C.), Judge.

In his brief plaintiff appellant presents the question for our review as follows: Did the trial court err in allowing the defendant's motion for judgment on the pleadings based upon the three-year statute of limitations? On the record before us in this case, we must answer this question in the negative.

The date of the filing of the complaint is 28 November 1978. The date of the alleged accident is 25 July 1974. The face of the complaint itself discloses that the applicable three-year period for bringing negligence actions has expired. We discover, however, from defendant's answer that on 15 September 1977 plaintiff took a voluntary dismissal without prejudice, but again the complaint reveals that this action was not brought within the one-year period prescribed in N.C.G.S. 1A-1, Rule 41(a)(2). Clearly, based upon the pleadings, the court correctly dismissed plaintiff's action.

In his oral argument counsel for appellant sharpened the question for review as follows: When does the one-year period under Rule 41(a)(2) commence if there has been an appeal taken from the order allowing the voluntary dismissal? Because we hold that this narrower question is not properly before the Court at this time, we decline to answer it.

Appellant informs us in his brief and in oral argument that in response to Judge Kivett's signing an order allowing plaintiff's voluntary dismissal on 15 September 1977, defendant appealed from that order, and that the Court of Appeals filed an opinion affirming the order 17 October 1978. He argues that by instituting this case on 28 November 1978, only forty-two days after that filing date, plaintiff timely filed his complaint under Rule 41(a)(2).

Appellant's crucial problem is that the record in this case fails to disclose such subsequent history of the prior action. There is not the slightest hint in the record that an appeal was

West v. Reddick, Inc.

taken from the voluntary dismissal. In fact, the only mention of the voluntary dismissal itself is made by the defendant, not the plaintiff appellant. The Court of Appeals can judicially know only what appears of record. *In re Sale of Land of Warrick*, 1 N.C. App. 387, 161 S.E. 2d 630 (1968). Appellant's brief is not a part of the record on appeal. *Civil Service Bd. v. Page*, 2 N.C. App. 34, 162 S.E. 2d 644 (1968). Matters discussed in a brief but not found in the record will not be considered by this Court. *Warrick, supra.* It is incumbent upon the appellant to see that the record is properly made up and transmitted to the appellate court. *Mooneyham v. Mooneyham*, 249 N.C. 641, 107 S.E. 2d 66 (1959).

Although this defect in the record on appeal was repeatedly pointed out to appellant's counsel at oral argument, he failed to move the Court either to amend the record or to take judicial notice of such facts contained in our records which might support appellant's argument. The matters appellant argues simply are not before us.

The trial court properly granted defendant's motion for judgment on the pleadings.

Affirmed.

Judge MARTIN (Robert M.) concurs.

Judge HEDRICK dissents.

Judge HEDRICK, dissenting:

I agree with the majority that the question argued in plaintiff's brief and on oral argument — *i.e.*, when does the one-year period under G.S. § 1A-1, Rule 41(a)(2), commence if an appeal has been taken from the order allowing the voluntary dismissal — is not properly raised in the record on appeal, as provided by the North Carolina Rules of Appellate Procedure. However, to prevent a manifest injustice, I feel we should suspend the rules pursuant to Rule 2, N.C. Rules App. Proc., and consider the question on its merits, since the matter not in the record is an opinion of this Court in the same case reported at 38 N.C. App.

West v. Reddick, Inc.

370, 248 S.E. 2d 112, filed 17 October 1978, and counsel during oral argument suggested that we surely could take judicial notice of our own decisions.

When we examine the opinion of this Court filed in the first appeal, we learn that the defendant appealed from an order denying its motion to dismiss pursuant to G.S. § 1A-1, Rule 12(b)(2), and an order allowing plaintiff to take a voluntary dismissal pursuant to Rule 41(a)(2). Both orders were affirmed by this Court in the opinion filed 17 October 1978. After the opinion of this Court was filed, plaintiff commenced his action in the District Court by re-filing his complaint on 28 November 1978.

Thereafter, the District Court, in allowing defendant's motion for judgment on the pleadings, ruled that the plaintiff had not re-commenced his action within one year from the date of the order allowing the voluntary dismissal. Plaintiff now argues that since the order allowing the voluntary dismissal and the order denying defendant's motion to dismiss was on appeal, he had one year from the date of the filing of this Court's opinion within which to re-file.

G.S. § 1A-1, Rule 41(a)(2) provides:

Except as provided in subsection (1) of this section, an action or any claim therein shall not be dismissed at the plaintiff's instance save upon order of the judge and upon such terms and conditions as justice requires. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless the judge shall specify in his order a shorter time.

The order allowing the voluntary dismissal did not provide that the action must be re-commenced within a shorter period of time. Thus, the sole question posed is: When does the one-year period begin to run?

Mabry v. Implement Co.

Plaintiff cites and relies upon *Rowland v. Beauchamp*, 253 N.C. 231, 116 S.E. 2d 720 (1960), and *Parrish v. Uzzell*, 41 N.C. App. 479, 255 S.E. 2d 219 (1979). Defendant cites and relies upon *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 36 N.C. App. 778, 245 S.E. 2d 234, *cert. allowed*, 295 N.C. 552, 248 S.E. 2d 725 (1978). I find all these cases distinguishable and not determinative.

In the present case plaintiff *had* obtained proper service, but the defendant appealed from the denial of his 12(b)(2) motion. Plaintiff almost immediately sought and was granted a voluntary dismissal pursuant to Rule 41(a)(2), and defendant likewise appealed from this order. To me, it would have been nonsensical to have required plaintiff to re-file his action pending the determination in this Court of the validity of the voluntary dismissal, as well as the validity of service. For example, if such were the case, plaintiff could have found himself in the middle of a lawsuit which he had no right to pursue had this Court reversed either order in the first appeal. Obviously, any delay in the final determination of plaintiff's claim was occasioned by defendant's appeal, not by plaintiff's failure to re-file pending the appeal. In my opinion the one-year period of time within which the plaintiff was required to re-file commenced to run on the date the opinion of this Court filed 17 October 1978 was certified to the trial court.

I vote to reverse the order of the District Court and remand for further proceedings.