HUDSON v. JIM SIMMONS PONTIAC-BUICK

[94 N.C. App. 563 (1989)]

EDWARD C. HUDSON, JR., D/B/A HUDSON'S CLEANERS, PLAINTIFF v. JIM SIMMONS PONTIAC-BUICK, INC., FIRST DEFENDANT, JIM SIMMONS, SECOND DEFENDANT, SOUTHERN STATES PONTIAC; BUICK, GMC TRUCK, INC., THIRD DEFENDANT

No. 8819DC885

(Filed 5 July 1989)

1. **Principal and Agent § 5— apparent authority of service manager to sign contract—sufficiency of evidence**

   Evidence was sufficient to support the trial court's finding that defendant's acting service manager had apparent authority to sign a contract between the parties which required plaintiff to supply and clean uniforms where the evidence tended to show that the individual defendant personally named the acting service manager; service department employees in need of a uniform were to request one from the acting service manager; and defendant knew it was customary to have written contracts for the rental of uniforms.

2. **Corporations § 13— sale of corporation—failure to provide for corporate debt to plaintiff—president and sole shareholder personally liable**

   The individual defendant, president and sole shareholder of the corporate defendant, received substantial compensation from the sale of the corporation's assets without informing plaintiff of the sale or making provision for the corporate defendant's contractual debt to plaintiff for uniforms and cleaning services; therefore, pursuant to N.C.G.S. § 55-32(e) and (l), the individual defendant could be held personally liable to the extent of plaintiff's damages under the contract.

APPEAL by defendants Jim Simmons Pontiac-Buick, Inc. and Jim Simmons, individually, from *Montgomery, Frank M., Judge.* Judgment entered 20 April 1988 in District Court, ROWAN County. Heard in the Court of Appeals 15 March 1989.

This is a civil action for breach of a written contract for the rental of uniforms in which plaintiff seeks liquidated damages and the value of property not returned to him pursuant to the agreement.

**HUDSON v. JIM SIMMONS PONTIAC-BUICK**

[94 N.C. App. 563 (1989)]

*Crowell, Porter, Blanton & Blanton, by Theodore A. Blanton and J. Andrew Porter, for plaintiff-appellee.*

*Williams, Boger, Grady, Davis & Tuttle, P.A., by M. Slate Tuttle, Jr., for defendant-appellants.*

JOHNSON, Judge.

In response to plaintiff's complaint, defendants Jim Simmons Pontiac-Buick, Inc. (Simmons, Inc.) and Jim Simmons, individually, answered, denying liability, and alleging, *inter alia*, that the contract at issue was not signed by a person authorized to act on behalf of Simmons, Inc. Defendant Southern States Pontiac, Buick, GMC Truck, Inc. (Southern States), which acquired control over Simmons, Inc.'s operations after execution of the agreement in question, answered, denying liability on the grounds that it was not a party to the contract, had no knowledge of the contract, and did not assume it.

After a nonjury trial of this matter, the trial judge dismissed the action as to defendant Southern States and entered judgment against defendants Simmons, Inc. and Jim Simmons, individually, in the amount of $6,806.85 liquidated damages and $842.92 damages for the value of property not returned to plaintiff. Simmons, Inc. and Jim Simmons gave notice of appeal in open court.

The trial judge made the following findings of fact: Plaintiff is a North Carolina resident doing business as Hudson's Cleaners. Defendant Jim Simmons, president of defendant Simmons, Inc., has been in the automobile business for thirty-eight years and has knowledge of how rental uniform suppliers operate. On 22 October 1985, plaintiff entered into a written contract with defendant Simmons, Inc., signed by Simmons, Inc.'s acting service manager, Gary Willis, to provide uniforms and cleaning services. Plaintiff began performing in the fall of 1985. Simmons, Inc. made payments to plaintiff until the early spring of 1986. The assets of Simmons, Inc. were transferred by written agreement to Southern States on 4 June 1985. According to Jim Simmons' testimony, control and operation of the automobile dealership was turned over to Southern States on 21 December 1985.

The trial court found that Southern States accepted and paid for plaintiff's product and services during the spring and summer of 1986, but that Southern States was not presented with a copy

**HUDSON v. JIM SIMMONS PONTIAC-BUICK**

[94 N.C. App. 563 (1989)]

of the contract entered into between plaintiff and defendant Simmons, Inc. In September of 1986, Southern States refused to receive further services from plaintiff, and also, upon demand by plaintiff, refused to return numerous rental uniforms in its possession.

Based on these findings of fact, the court concluded that defendant Simmons, Inc.'s acting service manager had apparent authority to enter into the contract with plaintiff; that defendant Southern States is not bound by the contract because, although it accepted and paid for services under the agreement, it did not adopt or ratify the contract because it did not have the opportunity to review it; and that based on defendant Jim Simmons' actions with regard to the sale of the assets of Simmons, Inc. to Southern States, Simmons is personally liable to plaintiff.

By this appeal, defendant presents various questions for review. Defendant basically contends that (1) the contract was improperly introduced at trial; (2) the trial court erred in denying defendants' motion for involuntary dismissal because plaintiff had no right to relief under the written agreement; (3) evidence was insufficient to prove that defendant Simmons, Inc.'s acting service manager signed the contract; (4) evidence was insufficient to prove that Simmons, Inc.'s acting service manager had authority to sign the contract; and (5) errors of law appear on the face of the judgment.

We observe initially that the record on appeal in a civil action must contain "so much of the evidence, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all errors assigned." N.C. Rule of App. Pro. 9(a)(1)(v). These rules are mandatory. Further, it is the duty of the appellant to see that the record on appeal is properly made up and transmitted to the appellate court. *Tucker v. Telephone Co.*, 50 N.C. App. 112, 272 S.E. 2d 911 (1980); *West v. Reddick, Inc.*, 48 N.C. App. 135, 268 S.E. 2d 235 (1980), *rev'd on other grounds*, 302 N.C. 201, 274 S.E. 2d 221 (1981).

The first three arguments raised by defendant, stated above, relate to the written contract entered into by the parties which is plaintiff's only basis of recovery. Unfortunately, however, defendant has not seen fit to include in the record on appeal the written agreement at issue. Absent this necessary writing, we are unable to give adequate review to the first three arguments raised by defendant and therefore we must dismiss defendant's assignments of error which are based on these arguments.

**HUDSON v. JIM SIMMONS PONTIAC-BUICK**

[94 N.C. App. 563 (1989)]

[1]    We turn now to defendant's contention that his acting service manager, Gary Willis, had no authority, either actual or apparent, to sign the written agreement. It is well established that a principal is bound by the acts of his agent acting within the scope of his authority, either express or apparent. *Morpul Research Corp. v. Hardware Co.*, 263 N.C. 718, 140 S.E. 2d 416 (1965). The scope of an agent's apparent authority is determined not by the agent's own representations, but by the manifestations of authority which the principal accords to him. Restatement (Second) of Agency sec. 27 (1958). Before applying these standards to the instant case, we note that in a nonjury trial such as this, the court's findings of fact are conclusive on appeal if there is evidence to support them, even though there may be evidence to support contrary findings. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975).

Defendant has chosen to present the trial testimony in the record on appeal by a summary of testimony in mostly narrative form as allowed by N.C. Rule of App. Pro. 9(c)(1). Our review of the narrative indicates adequate evidence to support the court's finding that Gary Willis had apparent authority to sign the agreement in question. Defendant Simmons personally named Gary Willis to be acting service manager; service department employees in need of a uniform were to request one from Gary Willis; and defendant Simmons knew it was customary to have written contracts for the rental of uniforms. This assignment of error is overruled.

[2]    By his last Assignment of Error, defendant Simmons argues, *inter alia*, that the trial court was not justified in disregarding the corporate entity merely on findings that he was the sole shareholder of Simmons, Inc.; was officer and director of the corporation; and received substantial monetary compensation as a result of the sale of the corporation's assets to Southern States. We find no error.

G.S. sec. 55-32, entitled "Liability of directors in certain cases," provides in subsection (e) as follows:

> The directors of a corporation who vote for or assent to any distribution of assets of a corporation to its shareholders during the liquidation of the corporation without the payment and discharge of, or making adequate provision for, all known or reasonably ascertainable debts, obligations, and liabilities of the corporation shall be jointly and severally liable to the corporation for the value of such assets which are distributed,

to the extent that such debts, obligations and liabilities of the corporation are not thereafter paid and discharged.

G.S. sec. 55-32(l) further states that, "any creditor damaged by a violation of this section may in one action obtain judgment against the corporation and enforce the liability of one or more of the directors to the corporation imposed by this section to the extent necessary to satisfy his claim."

These provisions are applicable to, and govern, the instant case. Defendant Simmons, president and sole shareholder of Simmons, Inc., received substantial compensation from the sale of the corporation's assets without informing plaintiff of the sale or making provision for the contractual debt to plaintiff. Therefore, pursuant to G.S. secs. 55-32(e) and (l), defendant Simmons may be held personally liable to the extent of the plaintiff's damages under the contract.

For all the foregoing reasons we find defendants Simmons and Simmons, Inc. received a fair trial free of prejudicial error.

Affirmed.

Judges ARNOLD and PHILLIPS concur.