BUILDERS MUTUAL INS. CO., Plaintiff v. MEETING STREET BUILDERS, LLC, MEETING STREET COMPANIES, LLC MEETING STREET BUILDERS, LLC As successor in interest to MS TENN TOWNS, LLC, MEETING STREET COMPANIES AS successor in interest to MS TENN TOWNS, LLC, MS TENN TOWNS, LLC, JOSEPH T. ROY, IV Individually and as successor in interest to MS TENN TOWNS, LLC, NANCY ROY, Individually and as successor in interest to MS TENN TOWNS, LLC, BUILDERS MANAGEMENT GROUP, INC., MEETING STREET AT TENNYSON ROW HORIZONTAL PROPERTY REGIME BY MEETING STREET AT TENNYSON ROW HOMEOWNERS ASSOCIATION, INC., Defendants

No. COA12-71

(Filed 4 September 2012)

**Appeal and Error—interlocutory order—failure to join necessary party—no substantial right**

Defendant's appeal from the trial court's order denying defendant's motion to dismiss for failure to join a necessary party was interlocutory. in nature, and because defendant failed to show that a substantial right would be affected absent immediate disposition of this matter, the appeal was dismissed as premature.

Appeal by Defendants from order entered 29 September 2011 by Judge Gary E. Trawick in Wake County Superior Court. Heard in the Court of Appeals 15 August 2012.

*Pinto Coates Kyre & Brown, P.L.L.C., by John I. Malone, Jr., and David G. Harris II, for Plaintiff.*

*Law Office of James T. Johnson, P.A., by James T. Johnson, for Defendants.*

THIGPEN, Judge.

Defendants Meeting Street Builders, LLC, Meeting Street Companies, LLC, Meeting Street Builders, LLC as successor in interest to MS Tenn Towns, LLC, Meeting Street Companies, LLC as successor in interest to MS Tenn Towns, LLC, MS Tenn Towns, LLC, Joseph T. Roy, IV individually and as successor in interest to MS Tenn Towns, LLC, Nancy Roy individually and as successor in interest to MS Tenn Towns, LLC, and Builders Management Group, Inc. (collectively, "the Meeting Street Group") appeal from the trial court's order denying its Rule 12(b)(7) motion to dismiss Plaintiff Builders Mutual Insurance Company's complaint for failure to join a necessary party. Because this appeal is interlocutory in nature, and because the Meeting Street Group has failed to show that a substantial right will be affected absent immediate disposition of this matter, the appeal must be dismissed as premature.

I. Factual & Procedural Background

In 2003, the Meeting Street Group began developing and marketing the Tennyson Row Townhomes in Mt. Pleasant, South Carolina. Defendants Meeting Street Builders, LLC and Meeting Street Companies, LLC, both North Carolina limited liability companies, participated in the construction of the Tennyson Row Townhomes. Defendant MS Tenn Towns, LLC, a South Carolina limited liability company, was formed to develop the Tennyson Row Townhomes, and Defendant Builders Management Group, Inc., a North Carolina corporation, was formed to manage, administer, and supply personnel for the project. Joseph and Nancy Roy, at all relevant times, were members of Meeting Street Companies, LLC, Meeting Street Builders, LLC, MS Tenn Towns, LLC, and Builders Management Group, Inc.

Plaintiff is a North Carolina corporation engaged in the insurance business. Plaintiff issued a commercial general liability policy ("the Policy") listing Meeting Street Companies, LLC, Meeting Street

Builders, LLC, MS Tenn Towns, LLC, and Builders Management Group, Inc. as the named insureds.

Between 2004 and 2006, the Meeting Street Group constructed the Tennyson Row Townhomes and obtained the relevant building permits and Certificates of Occupancy. At the time the 49 residences that comprise the Tennyson Row Townhomes were placed into the stream of commerce—in or about mid-2005—the residences "contained many latent building defects." Thus, in 2008, Defendant Meeting Street at Tennyson Row Horizontal Property Regime by Meeting Street at Tennyson Row Homeowners Association, Inc. ("HOA"), a South Carolina organization formed to administer the Tennyson Row Townhomes, brought suit in South Carolina ("the South Carolina Action")[1] naming the Meeting Street Group, among others, as defendants and alleging that the latent defects in the residences "regularly resulted in water intrusion and deterioration of the buildings. . . ."

On 19 October 2010, Plaintiff brought the present action seeking a declaratory judgment as to the relative rights and obligations of the parties under the Policy and seeking a declaration that the Policy does not provide coverage for any damages assessed against the Meeting Street Group in the South Carolina Action. Plaintiff named HOA in addition to the parties comprising the Meeting Street Group as defendants. On 17 December 2010, the Meeting Street Group filed an answer and motion to dismiss for failure to join a necessary party pursuant to Rule 12(b)(7) of the North Carolina Rules of Civil Procedure. On 28 December 2010, Defendant HOA filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure. By order entered 29 September 2011, the trial court granted HOA's motion to dismiss for lack of personal jurisdiction and denied the Meeting Street Group's motion to dismiss for failure to join a necessary party. The trial court further concluded that "HOA is not a necessary party to this action." The Meeting Street Group filed its notice of appeal from the trial court's order with this Court on 24 October 2011.

---

1. HOA instituted the South Carolina Action, captioned *Meeting Street at Tennyson Row Horizontal Property Regime by Meeting Street at Tennyson Row Homeowners Association, Inc., Plaintiff v. Meeting Street Builders, LLC et al*, in the Court of Common Pleas for the Ninth Judicial Circuit, Charleston County, South Carolina with case number 2008-CP-10-7217.

## II. Analysis

The threshold issue presented is whether this appeal is properly before this Court. The trial court's order denying the Meeting Street Group's motion to dismiss for failure to join a necessary party is interlocutory, as the order "d[id] not dispose of the case, but le[ft] it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); *see also Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999). Generally, an interlocutory order is not immediately appealable. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2011). An exception to this general rule lies, however, where the order appealed from "affects a substantial right." N.C. Gen. Stat. § 1-277(a) (2011) ("An appeal may be taken from every judicial order or determination of a judge of a superior or district court . . . which affects a substantial right claimed in any action or proceeding[.]"); *see also* N.C. Gen. Stat. § 7A-27(d)(1) (2011). "A right is substantial if it will be lost or irremediably and adversely affected if the trial court's order is not reviewed before a final judgment." *Nello L. Teer Co., Inc. v. Jones Bros, Inc.*, 182 N.C. App. 300, 303, 641 S.E.2d 832, 835 (2007). The test for whether a substantial right has been affected consists of two parts: (1) "the right itself must be substantial[;] and [(2)] the deprivation of that substantial right must potentially work injury to [the appealing party] if not corrected before appeal from final judgment." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). "Whether a substantial right is affected is determined on a case-by-case basis and should be strictly construed." *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002).

This Court has previously held that the denial of a motion to dismiss for failure to join a necessary party does not affect a substantial right and is therefore not appealable. *See Fraser v. Di Santi*, 75 N.C. App. 654, 331 S.E.2d 217 (1985); *Godley Auction Co., Inc. v. Myers*, 40 N.C. App. 570, 253 S.E.2d 362 (1979).[2] Nevertheless, the Meeting Street Group advances two reasons in support of its contention that the trial court's ruling in the instant case affects a substantial right: (1) "If the appeal of this matter is deferred until after a final judgment and the ruling is reversed, a new trial in South Carolina would likely be necessary, imposing needless expense on the parties and the Court

---

2. We have reiterated this view more recently in two unpublished decisions, *Hill v. Taylor*, No. COA01-555 (N.C. App. Mar. 19, 2002) and *Wilson v. Taylor*, No. COA01-524 (N.C. App. Mar. 19, 2002).

System[;]" and (2) the ruling exposes the Meeting Street Group to the possibility of inconsistent jury verdicts in two separate trials.

While a party's desire to avoid a trial and the associated costs of litigation, alone, is insufficient to affect a substantial right, *see N.C. Dept. of Transp. v. Page*, 119 N.C. App. 730, 735, 460 S.E.2d 332, 335 (1995) ("[T]he right to avoid a trial is generally not a substantial right[.]"), our Supreme Court has held that the right to avoid two trials on the same issue may be a substantial right. *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982). "[T]he possibility of undergoing a second trial affects a substantial right only when the same issues are present in both trials, creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue." *Id.* The party asserting a substantial right in this context must show not only that the same factual issues would be present in both trials, but also that the possibility of inconsistent verdicts on those issues exists. *Moose v. Nissan of Statesville, Inc.*, 115 N.C. App. 423, 426, 444 S.E.2d 694, 697 (1994).

The Meeting Street Group asserts that HOA will not be bound by this action and that HOA could thus subsequently bring an action in South Carolina seeking a declaratory judgment on the same issues, *i.e.*, construction of the Policy to determine whether Plaintiff is liable for damages assessed against the Meeting Street Group (and in favor of HOA) in the South Carolina Action. However, this Court has previously held that a substantial right is not affected where the possibility of inconsistent verdicts is based upon mere speculation that there might be future litigation between the parties:

> Plaintiffs filed a declaratory judgment action seeking interpretation of the scope of certain easements. Defendants contend that, after the trial court determines the parties' rights as defined in the easements, a future tribunal in a hypothetical future proceeding might rule that rights granted by the easements differ from the rights granted by a different legal source. Such a result would not be an "inconsistent verdict," but merely a reflection of the fact that one's rights in a given situation are often determined by reference to more than one statute, rule, or other legal source of rights. Moreover, the possibility, if any, of inconsistent verdicts rests upon the speculation that there will be further litigation between the parties.

*Jones v. County of Carteret*, 183 N.C. App. 142, 145, 643 S.E.2d 669, 671 (2007) (emphases removed); *see also Olde Point Prop. Owners Ass'n, Inc. v. Olde Point Assocs. Ltd. P'ship*, No. COA06-1639 (N.C. App. July 17, 2007)[3] ("Defendants' speculation that there will be further litigation between the parties is not proof of a substantial right. Accordingly, we dismiss defendant's [sic] appeal as interlocutory.").

While it is true that HOA will not be bound by the declaratory judgment declaring Plaintiff's obligations under the Policy in the instant case, *see N.C. Monroe Constr. Co. v. Guilford County Bd. of Educ.*, 278 N.C. 633, 640, 180 S.E.2d 818, 822 (1971), it is also true that the possibility of further litigation of these issues—and thus the possibility of inconsistent verdicts—is merely speculative. For instance, HOA would have an incentive to bring a separate declaratory judgment action in South Carolina only if the trial court here were to conclude that Plaintiff is not liable under the Policy. Moreover, the Meeting Street Group acknowledges the speculative nature of further litigation when it states in its brief that "since this action would not be binding on the HOA, a second declaratory judgment action would *likely* take place in South Carolina to determine the HOA's rights under the Policy." (Emphasis added). We note footnote 2 in the Meeting Street Group's brief, which indicates that HOA has secured a judgment against "the builder entities" and has filed an additional action "against Plaintiff on the policies in South Carolina" in the United States District Court for the District of South Carolina, Charleston Division. It is unclear from this footnote whether the action in which "the HOA has proceeded to judgment" is a reference to the South Carolina Action and whether "the builder entities" is a reference to the Meeting Street Group. Regardless, the record is devoid of documentation to verify these assertions, and it is well established that this Court's "review is limited to the record on appeal[.]" *Kerr v. Long*, 189 N.C. App. 331, 334, 657 S.E.2d 920, 922 (2008); N.C. R. App. P. 9(a) ("[R]eview is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9."). The Meeting Street Group's "brief is not a part of the Record on appeal[,]" *Civil Serv. Bd. of City of Charlotte v. Page*, 2 N.C. App. 34, 40, 162 S.E.2d 644, 648 (1968), and "[m]atters discussed in a brief but not found in the record will not be considered by this Court." *W. v. G. D. Reddick*,

---

3. While we recognize that our decision in *Olde Point* is not binding precedent, *United Servs. Auto. Ass'n v. Simpson*, 126 N.C. App. 393, 396, 485 S.E.2d 337, 339 (1997), we nonetheless find the reasoning adopted therein persuasive in reaching our holding.

*Inc.*, 48 N.C. App. 135, 137, 268 S.E.2d 235, 236 (1980) *rev'd on other grounds*, 302 N.C. 201, 274 S.E.2d 221 (1981); *see also County of Durham v. Roberts*, 145 N.C. App. 665, 671, 551 S.E.2d 494, 498 (2001) ("It is well established that this Court can judicially know only what appears in the record."). Furthermore, and in addition to reciting matters outside the record, the aforementioned footnote contradicts the accompanying text, which states that a second declaratory judgment action is only "likely."

In sum, we cannot conclude based upon the record before us that the possibility of inconsistent verdicts rests upon more than mere speculation. On these facts, we decline to depart from our substantial precedent holding that the denial of a motion to dismiss for failure to join a necessary party does not affect a substantial right; indeed, the Meeting Street Group has not cited a single decision in which a substantial right was affected in this context. The Meeting Street Group has failed to carry its burden in demonstrating that a substantial right has been affected, *see Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) ("The burden is on the appealing party to establish that a substantial right will be affected."), and we accordingly hold that this interlocutory appeal is prematurely before this Court and must be dismissed.

DISMISSED.

Judges BRYANT and STEPHENS concur.